**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:18-mj-00173-SAB-1 |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION TO DISMISS PROBATION VIOLATION PETITION |
| v. | |
| MIGUEL JIMENEZ, | (ECF No. 33) |
| Defendant. | |

Currently before the Court is Defendant Miguel Jimenez's ("Defendant") motion to dismiss the United States of America's (the "Government") petition for violation of probation. (ECF No. 33.) A hearing was held on this matter on January 15, 2025. Cody Chappel, Esq., appeared on behalf of the Government. Laura Myers, Esq., appeared on behalf of Defendant. Based on the papers, the record, and the arguments presented at the hearing, the Court will deny the motion to dismiss.

**I.**

**BACKGROUND**

On October 1, 2018, this action against Defendant commenced by criminal complaint, citing Defendant for operating a vehicle at a speed in excess of the speed limit, 36 C.F.R. § 4.21(c), and knowingly driving a motor vehicle on a suspended or revoked driver's license for DUI/excessive blood alcohol, 36 C.F.R. § 4.2(b); C.V.C. § 14601.2(a). (ECF No. 1.) On

1

November 15, 2018, Defendant made an initial appearance and entered a plea of not guilty. (ECF No. 6.)  In December 2019, Defendant and the Government filed a stipulation to vacate the trial and set a change of plea hearing.  (ECF No. 14, 15.)  On December 12, 2019, the Court held a change of plea hearing where Defendant pleaded guilty to knowingly driving a motor vehicle on a suspended or revoked driver's license for DUI/excessive blood alcohol; the Court dismissed the excessive speeding charge.  (ECF Nos. 16, 17.)  Defendant requested immediate sentencing, and the Court sentenced Defendant to the following: 12 months unsupervised probation to expire on December 11, 2020; a fine of $600.00, a special assessment $10.00 (for a total financial obligation of $610.00 with monthly payments of $61.00 commencing on January 15, 2020); obey all laws; and notify of address or financial changes.  (Id.)  Important here, the Court also ordered Defendant to appear for a review hearing on October 15, 2020, at 10:00 a.m.  (Id.)

On October 15, 2020, the Court held a probation review hearing.  (ECF No. 22.) Defendant did not appear.  (Id.)  On October 27, 2020, Assistant Deputy Chief U.S. Probation Officer Tim Mechem filed the instant petition for violation of probation.  (ECF No. 23.)  In the petition, Officer Mechem stated that not only had Defendant failed to appear at the October 15, 2020 probation review hearing, but Defendant had also failed to make monthly payments towards his fine, the balance remaining at $610.00.  (Id.)  Subsequent, the petition stated: "I declare under penalty of perjury that the following is true and accurate."  (Id.)  Thereafter, Officer Mechem executed the petition, dated October 27, 2020.  (Id.)  Based on the petition, the Court ordered that a warrant be issued.  (Id.)

On November 4, 2025, Defendant was arrested pursuant to the warrant.  (ECF No. 25.) At the initial appearance on the petition, Defendant denied the charges in the petition.  (ECF No. 26.)  On December 31, 2025, Defendant filed the instant motion to dismiss the petition, which has been fully briefed.  (ECF Nos. 33, 34, 35.)  Following the hearing on the motion to dismiss, the Government filed a supplemental declaration from Officer Mechem, and Defendant filed a response thereto.  (ECF No. 39, 40.)

///

///

2

## II

## LEGAL STANDARD

A district court may sentence a defendant to probation pursuant to 18 U.S.C. § 3561. Under 18 U.S.C. § 3565(c), the Court retains power to revoke probation and impose another sentence after a probationary period ends only if a warrant or summons, based on sworn allegation of a violation of probation, is issued before the end of the probationary period. See United States v. Pocklington, 792 F.3d 1036, 1039 (9th Cir. 2015). The statute provides:

> **(c) Delayed revocation.**—The power of the court to revoke a sentence of probation for violation of a condition of probation, and to impose another sentence, extends beyond the expiration of the term of probation for any period reasonably necessary for the adjudication of matters arising before its expiration if, prior to its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.

18 U.S.C. § 3565(c).

As a corollary, the Ninth Circuit has explained that a warrant in this context "must comply with the Fourth Amendment," Pocklington, 792 F.3d at 1039, which provides, in part, that "no warrants shall issue, but upon probable cause, supported by oath or affirmation." U.S. Const. amend. IV. In other words, a warrant "'must have been based upon sworn allegations that the person violated a condition of' supervised release or probation; it 'cannot allege something less than' such a violation." Pocklington, 792 F.3d at 1040, quoting United States v. Vargas-Amaya, 389 F.3d 901, 905-06 (9th Cir. 2004).

Relevant here, "[t]he question whether a statement is made under oath or affirmation turns on whether the declarant expressed the fact that he or she is impressed with the solemnity and importance of his or her words and of the promise to be truthful, in moral, religious, or legal terms." United States v. Bueno-Vargas, 383 F.3d 1104, 1110 (9th Cir. 2004). "[S]igning a statement under penalty of perjury satisfies the standard for an oath or affirmation, as it is a signal that the declarant understands the legal significance of the declarant's statements and the potential for punishment if the declarant lies." Id. at 1111.

///

///

3

## III.

## DISCUSSION

Defendant argues that Officer Mechem did not "subscribe the allegation of a probation violation as true" in the petition. (ECF No. 33, p. 3.) Defendant bases this argument on the fact that the petition sets forth the allegations of a probation violation before the language, "I declare under penalty of perjury that the following is true and correct." (Id.) What 'follows' that statement is only the date and Officer Mechem's signature. In Defendant's view, this locutionary error left the substantive section portion of the petition as not made under oath or affirmation. This would render the arrest warrant invalid, leaving the Court without jurisdiction over the matter.

The Government opposes, arguing that notwithstanding the use of the word "following," Officer Mechem's affirmation contained the indispensable elements of an affirmation under the law—namely, the affirmation contained the statement, "under penalty of perjury" that the contents of the petition were "true and correct." (ECF No. 34, p. 4.) In further support, the Government directs the Court to a set of declarations from Officer Mechem . (ECF Nos. 34-1, 39.)[1]

As anyone working in the legal and law enforcement fields can attest, inadvertent typographical errors happen (even by judges). Yet, not all errors are equal. Though, as Defendant notes, not including an affirmation at all, or using an affirmation that is lacking in solemnity or promise, may be significant of an error to render a warrant invalid, the Court takes a more holistic approach to the petition at issue here. In order to better set forth a framework on

---

[1] In reply to the motion to dismiss, Defendant takes issue with the Government's declaration from Officer Mechem exhibited to the opposition. (ECF No. 35.) Specifically, Defendant notes that the January 5, 2026 declaration itself is not signed under penalty of perjury nor does the declaration identify to whom Officer Mechem was "duly sworn.". (See ECF No. 34-1.) At the hearing, Defendant raised this issue, and the Court inquired to whether the Government would seek to cure this by filing another declaration. Ultimately, the Government agreed to file a supplemental declaration (ECF No. 39), and Defendant filed a response. (ECF No. 40.)

As to the form and phrasing of the January 5, 2026 declaration on its own, Defendant's position is taken. Accordingly, the Court will turn to the January 23, 2026 supplemental declaration from Officer Mechem. That said, the January 23, 2026 declaration incorporates the January 5, 2026 declaration. (ECF No. 39.) Thus, the Court will discuss the January 5, 2026 declaration where appropriate. As to the argument raised in Defendant's response, the Court, as discussed further below, need not rely on Officer Mechem's declarations in coming to its conclusions herein.

how to approach the analysis, the Court will first discuss the two salient Ninth Circuit cases relied upon by the parties.

In <u>Bueno-Vargas</u>, the defendant was stopped when crossing the boarder from Mexico into the Calexico Port of Entry in Imperial County, California. 383 F. 3d at 1105. Following a dog alert detection, Customs Service agents searched the defendant's vehicle and found 34 packages of cocaine that had been secreted. <u>Id.</u> The defendant waived his <u>Miranda</u> rights and admitted that he knew there were drugs in the vehicle but denied that he knew the type or quantity. <u>Id.</u> As relevant here, it was toward the end of the workday on a Friday, and an agent signed a probable cause statement and faxed it to a magistrate judge in San Diego. <u>Id.</u> at 1106. The agent included that the statement was declared under penalty of perjury and was true, and then the statement described the facts of the stop and the confession. <u>Id.</u> At 6:10 p.m. that same day, the magistrate judge faxed back a signed finding of probable cause. <u>Id.</u> The defendant was detained over the weekend. <u>Id.</u>

Following indictment on drug charges, the defendant moved to dismiss the indictment on the ground that he had been unlawfully detained for more than 48 hours over the weekend without a warrant and without a sufficient probable cause determination. <u>Id.</u> at 1106. The district court denied the motion. <u>Id.</u> Thereafter, the defendant entered a conditional plea of guilty but reserved the right to appeal, as relevant here, whether the indictment should have been dismissed because the weekend fax procedure for obtaining probable cause violated the Fourth Amendment. <u>Id.</u>

The Ninth Circuit affirmed. For this analysis, the Court began with the precept that "a probable cause determination for purposes of detention pending further proceedings must be supported by an oath or affirmation." <u>Id.</u> at 1109. The Court then noted that the agent's statement was not an oath because "it was devoid of any reference to God or a revered person or thing." <u>Id.</u> However, the Court "[held] that the Statement qualified as an 'affirmation' within the meaning of the Fourth Amendment." <u>Id.</u> The Court then explained that "[t]he question whether a statement is made under oath or affirmation turns on whether the declarant expressed the fact that he or she is impressed with the solemnity and importance of his or her words and of

5

the promise to be truthful, in moral, religious, or legal terms." Id. at 1110. Thus, the Court concluded that "signing a statement under penalty of perjury satisfies the standard for an oath or affirmation, as it is a signal that the declarant understands the legal significance of the declarant's statements and the potential for punishment if the declarant lies." Id. at 1111. Thereafter, the Court rejected the defendant's argument that an oath or affirmation must be administered in person before a magistrate judge, as opposed to the faxing procedure employed. Id.

In United States v. Vargas-Amaya, the defendant was on supervised release when his probation officer petitioned the district court for a warrant and an order to show cause why supervised release should not be revoked. 389 F.3d 901, 902 (9th Cir. 2004). It was not disputed that the factual allegations of the petition were not sworn under oath. Id. Thus, the question presented to the Ninth Circuit was whether 18 U.S.C. § 3583(i)—which requires a warrant or summons be issued before the expiration of the term of supervised release—mandated the same requirements for a warrant generally under the Fourth Amendment. Id. at 903. Following statutory interpretation, including discussing the constitutional-doubt canon, the Court held that the Fourth Amendment's warrant requirements applied to § 3583(i). Id. at 906-07. In so doing, the Court rejected the Government's position that Congress had intended warrants under § 3583(i) to include something less than this standard, as well as rejecting that because the defendant was on supervised release he was somehow subject to a lesser warrant standard. Id. ("Although, while on supervised release, [the defendant] was subject to lesser Fourth Amendment protection, he was nonetheless protected by the Fourth Amendment."). With this holding, the Ninth Circuit concluded that the unsworn petition did not empower the district court to have retained jurisdiction over the defendant, thus the Court reversed. Id. at 907.

Though there is no Ninth Circuit authority directly on point, the principles underlying Vargas-Amaya and Bueno-Vargas guide the Court's analysis. Pursuant to Vargas-Amaya, the petition here must have been sworn as an oath or affirmation in order for the Court to have retained jurisdiction over Defendant's probation violation. And under Bueno-Vargas, the Court must consider whether the petition's declarant expressed the fact that he was impressed with the solemnity and importance of his words and of the promise to be truthful, in moral, religious, or

legal terms.

Here, the Court observes that Defendant's motion is premised on only Officer Mechem's use of the word *following* rather than *foregoing* in the affirmation; Defendant does not otherwise contest the veracity of the allegations.  Reviewing the petition, the Court notes that it appears to be a form generated by U.S. Probation, filled out as to the relevant details of Defendant and the underlying legal matter.  (ECF No. 23.)  For the allegations, the petition states that Defendant failed to appear at the October 15, 2020 hearing and failed to make monthly payments toward his fine.  (Id.)  Following, the petition states, "I declare under penalty of perjury that the following is true and correct."  (Id.)  Following that is the date October 27, 2020, Officer Mechem's signature, and the Court's order requesting that a warrant be issued.  (Id.)

Words matter.  Context matters too.

Though the petition employs the word *following* instead of *forgoing*, the Court finds that the allegations of violative conduct in the petition were made under an adequate affirmation by Officer Mechem.  To begin, the affirmation includes the phrasing that Officer Mechem was making a declaration under "penalty of perjury" that was "true and correct."  See Bueno-Vargas, 383 F. 3d at 1111.  Moreover, the context of the affirmation is a contained document, namely a petition for violation of probation.  Thus, it strains credulity to believe that Officer Mechem meant to affirm as true only the date and his signature.  Given the content of the affirmation and the contained nature of the petition, the Court finds that the scrivener's error of using *following* instead of *foregoing* did not destroy that Officer Mechem was plainly impressed with the solemnity and importance of his words and of the promise to be truthful, in moral, religious, or legal terms.

Indeed, such a reading would render the petition and warrant defective, which could only be a benefit to a defendant.  Thus, Defendant's observation regarding "[a] cleverly worded oath [or affirmation] that creates loopholes for falsehood or attempts to create a safe harbor for perjury" is seemingly misplaced here.  United States v. Ward, 989 F.2d 1015, 1019, 1020 (9th Cir. 1992).  Moreover, Defendant's attempt to align this case with cases involving no affirmation at all is patently unpersuasive.

Plaintiff has identified one case where a district court declined to consider a declaration where the first sentence from the declarant stated, "under penalty of perjury that the *foregoing* is true and correct." Forbes v. Villa, No. SACV 11-1330 JGB (ANx), 2013 WL 12164779, at *2 (C.D. Cal. Dec. 3, 2013) (emphasis in original). Forbes was in the context of a motion for a new civil trial, where the plaintiff followed up a tentative denial of a deposition with a declaration from the plaintiff's counsel. Yet, the first declaration offered by the plaintiff's counsel contained no affirmation that the declaration was "under penalty of perjury." Id. Later, the plaintiff's counsel attempted at least two more times to submit a declaration. The first did not contain that the contents of the document were true. The second contained the improper use of *forgoing* instead of *following*.

The Forbes court observed that under 28 U.S.C. § 1746(2), "if a matter is required or permitted to be supported by a sworn declaration in writing, the requirement may be met by providing an unsworn declaration so long as the declaration is signed by the maker as true under penalty of perjury, and dated, in substantially the following form: 'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature).'" Id., quoting 28 U.S.C. § 1746(2). Thereafter, Forbes cited to Bueno-Vargas and noted that "[c]ourts throughout the Ninth Circuit have found that declarations which fail to (1) include the "penalty of perjury" language and (2) certify that they are true cannot be considered." Id. The Court then determined that it would "not consider declarations from Plaintiff's counsel which fail to certify the truthfulness of their contents and were not made under penalty of perjury." Id.

Again, context matters. The court in Forbes appeared to be particularly taken by the fact the first declaration contained no valid statement that the declaration had been made "under penalty of perjury." And even after explaining to the plaintiff's counsel the critical deficiencies, counsel twice more filed deficient declarations. Meanwhile, here, Officer Mechem's affirmation from the outset contains both that it was made under penalty of perjury and that the contents were true and correct. Moreover, and again, the petition is a contained document intended only for petitions of violation of probation. To be sure, 28 U.S.C. § 1746(2) outlines what a declarant

8

must include in an affirmation; yet §1746(2) itself leaves some wiggle room in that it requires only that the phrase be followed in "substantially" the prescribed form. Therefore, the Court finds Forbes to be distinguishable to the case at bar.

Though it is not necessary based on the analysis above, the Court will observe the content of Officer Mechem's declarations. In the January 5, 2026 declaration, Officer Mechem explains that "I meant and intended to attest to the allegation against the defendant on page one of the petition, along with the other information provided on page one of the petition." (ECF No. 34-1, ¶ 5.) It was Officer Mechem's understanding that the sentence on page one stating, "I declare under penalty of perjury that the following is true and correct," was referring to the information I provided on page one of the petition. (Id. at ¶ 6.) "By signing my name on page two of the petition, I believed and intended to be attesting, under penalty of perjury, to the truth and correctness of the allegation and other information on page one of the petition." (Id. ¶ 8.)

The Court emphasizes that under no uncertain terms does it establish that indispensable elements of oaths or affirmations may be split between a warrant and a later-filed declaration. Defendant, however, offers no authority—and the Court finds none—where a warrant has been deemed invalid for an apparent scrivener's error in the affirmation of the petition supporting the warrant. Officer Mechem's declaration further confirms, under further penalty of perjury (see ECF No. 39, ¶¶ 6, 7), his use of *following* rather than *foregoing* was indeed merely a scrivener's error; that he understood the legal significance of his statement within the petition to be swearing to the truth of the substantive allegation of violative conduct; and, by declaring "under penalty of perjury," he knew the potential for punishment if he was untruthful.

In denying Defendant's motion to dismiss, the Court does not condone the presence of this scrivener's error in an oath or affirmation supporting a petition for violation of probation. Rather, the Court merely finds that such error on these specific facts does not reach the magnitude of a constitutional violation which renders the warrant issued in this case invalid. See United States v. Wright, No. 5:21-po-00583-SAB-1, ECF No. 80, Order Denying Motion to Dismiss (E.D. Cal. June 10, 2025).

///

**IV**

**CONCLUSION AND ORDER**

Accordingly, Defendant's motion to dismiss the petition for violation of probation (ECF No. 33) is DENIED.

IT IS SO ORDERED.

Dated:   **February 3, 2026**

STANLEY A. BOONE
United States Magistrate Judge

10